BARRETT S. LITT, SB#45527
E-Mail: blitt@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT
234 East Colorado Boulevard,
Suite 230 Pasadena, CA 91101
Telephone: (626) 844-7660
Facsimile:  (626) 844-7670
Attorneys for Plaintiffs

ANNE RICHARDSON, SB#151541
E-Mail: arichardson@publiccounsel.org
STEPHANIE CARROLL, SB#263698
E-Mail: scarroll@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile:  (213) 385-9089
Attorneys for Plaintiffs

BRANT H. DVEIRIN, SB#130621
E-Mail: Brant.Dveirin@lewisbrisbois.com
ERIC Y. KIZIRIAN, SB#21054
E-Mail: Eric.Kizirian@lewisbrisbois.com
ROY G. WEATHERUP, SB#52882
E-Mail: Roy.Weatherup@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: (213) 250-1800
Facsimile:  (213) 250-7900
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL NOZZI, et al.<br><br>    Plaintiff,<br><br>    vs.<br><br>HOUSING AUTHORITY OF THE CITY OF LOS ANGELES, et al<br><br>    Defendants. | CASE NO. CV 07-00380 PA (FFMx)<br><br>[The Hon. Percy Anderson]<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT** |

The parties have submitted this joint Preliminary Approval Order of the Class Settlement for the Court's review. Upon review and consideration of the Settlement Agreement (Exhibit A hereto) (the "Settlement Agreement") and the exhibits attached thereto made and entered into by counsel for the parties, who represent that their respective clients have approved the settlement. Those clients are, for Plaintiffs, Nidia Pelaez (who appears as the "Class Representative" and also appears individually), and Michael Nozzi (who appears individually), and for Defendants, Housing Authority for the City of Los Angeles and Rudolf Montiel.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### I. <u>PRELIMINARY APPROVAL OF SETTLEMENT</u>

1. This Order incorporates by reference the definitions in the Settlement Agreement, a copy of which is attached to this Order as Exhibit A, and also incorporates Exhibits B through E, thereto. All terms defined therein shall have the same meaning in this Order.

2. The Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the settlement amount estimated to be no less than $9,000,000, and the proposed allocation of the Class Fund as set forth in the Settlement Agreement (essentially a refund up to amount of the alleged unlawful rental increase resulting from the reduction of the VPS to the extent available based on claims made, or prorated if the claims exceed the available fund), plus a stipulated injunction, are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole, and that the terms of the Settlement Agreement otherwise satisfy the Federal Rules of Civil Procedure 23(e) and due process requirements.

### II. <u>DEADLINES FOR NOTICE, FILING OBJECTIONS AND OPT-OUTS, AND DATE OF FAIRNESS HEARING</u>

3. The Court has set the following dates for purposes of this class action:

(a) Final class identifying information has already been provided to class counsel in computerized form by the Defendants and will be provided to the Class Administrator;

(b) Mailing Class and Settlement Notice to Class: Must be postmarked by August 9 , 2017;

(c) Posting the Notice and making copies of the Proof of Claim Form available upon request at all HACLA offices: Must be posted by August 14, 2017;

(d) Publication of summary notice by other methods: Must be effected by no later than August 21, 2017;

(e) Filing of Plaintiffs' Motion for Award of Attorneys' Fees and Costs: Must be filed by September 18, 2017;

(f) Filing of Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Award of Attorneys' Fees and Costs): Must be filed by November 29, 2017;

(g) Deadline to opt-out: Must be postmarked or received by November 29, 2017;

(h) Deadline for filing class claims: Must be postmarked or received by December 6, 2017;

(i) Opposition or Reply to Objections (including to objections to award of attorneys' fees and costs): Must be filed by December 22, 2017; and

(j) Proposed Final Approval Order: Must be filed by December 22, 2017; and

(k) Final Approval Hearing: January 29, 2018 at 1:30 p.m. in Courtroom 9A.

4. The Court does not require a separate motion for final approval of the settlement.

5. In the event that the class notice is not mailed and initially published

within the time specified herein, the subsequent dates contained herein will be deferred for the number of additional days before such notice occurs without the need for additional Court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

### III. CERTIFICATION OF INJUNCTIVE AND DAMAGES CLASSES

6. The Court has previously certified the overall class under Fed. R. Civ. P. 23(b)(3) as follows. "All Section 8 beneficiaries who in the past received, or in the future may receive, notices of a Voucher Payment Standard decrease."

7. The Court has previously certified the Damages Class under Fed. R. Civ. P. 23(b)(3) as follows: "All Housing Authority of the City of Los Angeles (HACLA) Section 8 tenants, between June 1, 2005, and September 30, 2006, whose rental contribution for a period not to exceed eleven months was greater than it would have been but for Defendant HACLA's 2004 decrease in the Voucher Payment Standard."

8. Damages Class Members have a right to opt out of the settlement. Injunctive Class Members cannot opt out of the injunctive relief portion of the settlement. Based upon the agreement of the parties after full analysis of the available HACLA and HUD data, and as reflected in the Settlement Agreement and Class Notice, the Parties have agreed to the following clarification of the definition of the Damages Class: The earliest start date for class member damages to accrue under this class definition is July 1, 2005 (i.e., the first class member damages began to accrue on that date), the latest start date for class member damages to accrue under this class definition is June 1, 2006, and the latest possible end date of damages is April 30, 2007 (11 months after the latest possible start date of damages), and agree that accordingly, the Damages Class Period from inception through final accrual of class damages is July 1, 2005 through April 30, 2007.[1]

---

[1] Although the VPS reduction was reversed for the period after September 30, 2006, the class data from HACLA and HUD made clear that, that change did not take effect for

3

9. For purposes of settlement, the Parties have identified exclusively from HACLA and HUD records Damages Class Members and reached agreement regarding who belongs in the Damages Class. Only persons who have been jointly identified by the Parties through this process qualify as Damages Class Members for purposes of this settlement, and only those persons are bound by the Settlement Agreement if they do not opt out; conversely those not so identified are not so bound. The methodology used to determine Class Damages membership and amounts, and the total additional rent paid by the Damages Class as a whole, is summarized in the June 1, 2017 Damages Memorandum attached to the Settlement Agreement as Exhibit D.

10. The basic terms of the settlement as it relates to Damages Class Members is that Defendants, through their insurers, will provide payment estimated at not less than $9,000,000 and possibly more (depending on the sum available after payment of insurance policy money for the defense litigation costs and attorneys' fees). From that amount, the Settlement Agreement provides that the following awards will be made:

   a. An award of attorneys' fees, in an amount not to exceed 30% of the estimated $9 Million (or more) total Class Fund.
   b. Additional payment of class attorneys' reasonable litigation costs.
   c. Further additional payments of the third-party class settlement administration costs.
   d. Payment of $5,000 to Nidia Pelaez, the designated Class Representative, in addition to her rent reimbursement. Ms. Pelaez will receive this additional amount under the Settlement Agreement because of the role that she played in the litigation. There will also be a payment to Named

---

individual class members until their next annual reexamination, and so damages accrued through as late as April 30, 2007. To the extent there is any inconsistency, the class definitions herein supersede the definitions contained in the Court's class certification order of May 5, 2006 (Dkt. 245).

4

           Plaintiff Michael Nozzi of $1,000 (inclusive of his rent reimbursement) as compensation for any individualized damages.

e. Payment of the remainder, estimated to be at or near $6,000,000, to the members of the class who file claims for payment up to the amount of additional rent that each Damages Class Member paid as a result of the reduced HACLA subsidy.

f. To the extent that the filed claims do not total the amount available for distribution to Damages Class Members, the excess funds will not be paid out and will be retained by HACLA's insurers. However, in no event will the total funds paid out to Damages Class Members, or organizations that assist Section 8 tenants, be less than $2,000,000. (This is because, if not enough Class Members file claims to total $2,000,000, the difference between the amount claimed and $2,000,000 will be paid to organizations that help Section 8 tenants.)

g. If the total claims filed by Damages Class Members exceed the funds available for payment to them, the amount paid to them will be proportionately reduced.

h. Defendants may withdraw from the settlement if the number of opt-outs exceeds 5% of the Damages Class Members (presently determined to be 11,868 people). (See Ex. D.)

11. Defendants' stipulations are for purposes of settlement only, and if this Settlement Agreement is not finally approved or does not become effective for any reason, Defendants retain their right to contend that persons agreed on as Class Members for this settlement are not, in fact, class members.

## IV.    CLASS-WIDE PROSPECTIVE RELIEF

12. The settlement also provides that an injunction will be entered by the Court providing:

(a) In any future notices to Section 8 tenants, related to the Voucher Payment Standard, Defendant HACLA shall simply and plainly

5

     communicate the information provided in non-technical, language that would be reasonably understandable to Section 8 tenants, at a language level commensurate with the average educational level of Section 8 tenants, and without assuming prior knowledge. The notice shall reasonably explain the known, likely or potential impact on the tenant of the action that is the subject of the notice.

 (b) Any notice within the next three years regarding reduction of the Voucher Payment Standard shall be provided to Class Counsel before it is sent, and shall be subject to the approval of Class Counsel before it is communicated to Section 8 tenants, which approval shall not be unreasonably withheld.

 (c) When communicating any new notices to tenants (other than a notice of reduction of VPS to which ¶ 7(a) of this Order applies), HACLA will use language reasonably understandable to Section 8 tenants. For purposes of the Settlement Agreement, the Parties agree that existing notices that have been historically sent regularly to tenants without challenge, such as the RE 38 notice, notices sent to tenants when HACLA approves a rent increase requested by the landlord, when there is a bedroom downsizing, meet this standard.

## V.  NAMED PLAINTIFFS/CLASS REPRESENTATIVES

13. Nidia Pelaez is the sole class representative. Michael Nozzi is an individual Plaintiff.

14. The Coalition to End Hunger and Homelessness was an injunctive relief Plaintiff and is no longer an operating entity. Its claims are dismissed with prejudice.

## VI.  CLASS ADMINISTRATOR

15. The Court approves the retention of JND Legal Administration as Class Administrator, to administer the distribution of the Class and Settlement Notice and publication of the Class and Settlement Notice, and to distribute the

proceeds of the settlement to all eligible Class Members pursuant to the Plan set out in the Settlement Agreement (Exhibit A) should the Court grant final approval. Exhibit E (the Class Administrator bid) includes the qualifications of JND Legal Administration, which establishes to the Court's satisfaction the qualifications of JND to act as the Class Administrator.

16. The Class Administrator shall preserve all written communications from Class Members in response to the Class and Settlement Notice at least until December 31, 2020, or pursuant to further order of the Court. All written communications received by the Class Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Counsel for the Parties, and copies shall be regularly provided to Counsel for the Parties.

17. The Class Administrator shall be compensated from the portion of the Settlement Funds separate from the Class Fund Attorneys' Fees for its services in connection with notice and administration and for the costs of giving mailed and published notice, and the other services it performs, pursuant to such orders as the Court may enter from time to time.

18. Within two weeks after this Preliminary Approval Order is signed by the Court, the Defendants' primary insurer shall deposit or cause to be deposited into an account designated by the Class Administrator by check sent by overnight mail an amount of same day available funds equal to the amount requested by the Class Administrator to cover the costs of notice agreed to by the Parties and/or ordered by the Court, and will provide additional funds for its administrative work pursuant to the terms of its accepted bid, a copy of which is attached as Exhibit E. Prior to entry of the Final Order of Approval of Settlement, the Class Administrator will not accrue any costs not itemized in Exhibit E unless agreed to by the Parties and approved by the Court. If the Court does not enter the Final Order of Approval and Settlement, then all such funds paid to the Class Administrator, to the extent they are available after payment of all accrued class

administration expenses, shall be returned to Defendants' primary insurer.

19. If the settlement is not approved or otherwise does not occur, the case proceeds to trial and judgment, and if the Plaintiffs are successful, Plaintiffs may seek as awardable costs under any available legal theory class administration funds incurred in the course of this settlement process, and any future or additional class administration funds incurred in connection with the case (as well as any other costs the Plaintiffs deem appropriate). Such applications may be made to the court even where the class administration costs sought as awardable costs were paid by Defendants. The Court shall determine whether any such costs are awardable, and to what extent. The final judgment entered shall reflect the award, if any, of such class administration costs, in addition to any other appropriate amounts. Defendants or their insurers shall receive a credit against that judgment for the amount of class administration costs paid by Defendants or their insurers, whether the court awards them as costs or not.

20. If a new settlement is reached because this settlement does not go through for any reason, that settlement may include a credit for the amounts paid by the Defendants pursuant to this order.

21. If this settlement does not go through for any reason, a new settlement is not reached, the case goes to trial, and Plaintiffs are not successful in their prosecution of the case, Defendants shall not seek reimbursement from Plaintiffs of class administration funds paid under this settlement

## VII. CLASS COUNSEL

22. Barrett S. Litt, Anne Richardson and Stephanie Carroll are hereby confirmed as counsel for the Class Representatives and the Class ("Class Counsel").

23. Class Counsel are authorized to act on behalf of the Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

8

24. At the Fairness Hearing, Class Counsel shall make an application for Class Fund Attorneys' Fees. Litigation costs and the costs of class notice and administration shall constitute a cost separate from attorneys' fees, and will be paid separately out of the Settlement Funds. The litigation costs and the costs of class notice and administration, which will be determined by the Court, will be paid from the Settlement Fund.

## VIII. CLASS AND SETTLEMENT NOTICE

25. Class Counsel shall provide the Class and Settlement Notice to the Class Administrator for distribution according to the schedule set forth above. The Class Administrator shall additionally cause publication in the form of a modified and shortened form of the Class Notice, as set forth in the Settlement Agreement (Exhibit A), on the schedule set forth above.

26. In addition, HACLA will post the summary notice of settlement at any offices in which it operates where Section 8 tenants may have occasion to visit, which will include a posted notice that a complete copy of the Class Notice and Proof of Claim Form are available upon request at any HACLA office.

27. Defendants, to the best of their knowledge, have already provided, the name, address, social security number, date of birth, driver's license information, and any other identifying information of Class Members, to the Plaintiffs' Expert Brian Kriegler, who will make it and his accompanying calculations available to the Class Administrator in computerized form, to facilitate locating Class Members. Such information shall be confidential, and may not be disclosed to anyone except counsel of record, the Class Administrator, and designated representatives of Defendants. Should the Defendants discover at any time any additional information containing relevant class information, they shall promptly provide it to Plaintiffs and the Class Administrator. The Class Administrator will sign a Confidentiality Agreement regarding the foregoing data.

28. At least seven days before the Fairness Hearing, Class Counsel and/or the Class Administrator shall serve and file a sworn statement by Class Counsel or

9

the Class Administrator attesting to compliance with the provisions of this Order governing Class and Settlement Notice. This shall include a list of all people who have opted out of the class.

29. The Court approves the Class and Settlement Notice attached as Exhibit B.

30. The Court approves the Claim Form attached as Exhibit C.

31. The Court approves the Class Administrator Bid attached as Exhibit E.

32. The Court finds that the notice required by the foregoing provisions of this Order is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all Class Members and other persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 Federal Rules of Civil Procedure and due process.

## IX.     THE FAIRNESS HEARING

33. A Fairness Hearing shall be held on January 29, 2018 to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) whether a Final Order of Approval and Settlement should be entered in its current or some modified form; and (c) the application by Class Counsel for attorneys' fees and expenses (the "Fee Motion").

34. At least two weeks prior to the Fairness Hearing, Plaintiffs shall submit a proposed Final Approval Order which shall be approved by Defendants. That proposed order will contain the final provisions the parties seek the Court to finally approve and the Parties' proposed court orders related to any objections that have been filed. It will not be necessary to file a separate motion for final approval.

35. The date and time of the Fairness Hearing shall be set forth in the Class and Settlement Notice, but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted

at the Court and on the Court's web site.

36. Any Class Member who objects to the approval of the Settlement Agreement, the Fee Motion, the Named Plaintiffs' Distribution or the Allocation and Distribution Plan may appear at the Fairness Hearing and show cause why the Settlement Agreement, the Fee Petition, the Named Plaintiffs' Distribution or the Allocation and Distribution Plan should not be approved as fair, reasonable, and adequate, and why the Final Order of Approval and Settlement should not be entered, except that no such Class Member may appear at the Fairness Hearing unless the Class Member, no later than November 29, 2017 (a) files with the Clerk of the Court a notice of such person's intention to appear, a statement that indicates the basis and grounds for such person's objection to the Settlement Agreement, the Fee Petition, the Named Plaintiffs' Distribution and/or the Allocation and Distribution Plan, and all documentation, papers, or briefs in support of such objection; and by the same date (b) serves upon all Counsel to the Parties (as listed in the Class Notice), either in person or by mail, copies of such notice of intention to appear, statement of objections and all documentation, papers, or briefs that such person files with the Court. The required documentation shall include the information requested on the Claim Form. Final determination of whether any such objector is a Class Member who has standing to object shall be determined solely from the Defendants' records, from which the list of Class Members has been compiled. In the absence of the timely filing and timely service of the notice of intention to appear and all other materials required by this paragraph, any objection shall be deemed untimely and denied.

37. Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.

38. In the event of final approval of the Settlement Agreement, all Class

Members (except those who have opted out) shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

## X.   OTHER PROVISIONS

39.   In the event the Settlement is not finally approved or is otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Defendants, and Class Members.

DATED: _____          _____
                                PERCY A. ANDERSON
                                UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

**KAYE, McLANE, BEDNARSKI & LITT**
PUBLIC COUNSEL

By: __/s/  Barrett S. Litt_____
        Barrett S. Litt
Attorneys for Plaintiffs, MICHAEL NOZZI, NIDIA PELAEZ and LOS ANGELES COALITION TO END HUNGER AND HOMELESSNESS

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____/s/  Brant H. Dveirin_____
        Brant H. Dveirin
Attorneys for Defendants, HOUSING AUTHORITY OF THE CITY OF LOS ANGELES and RUDOLPH MONTIEL