**Exhibit C**

**Class and Settlement Notice**

NOTICE OF CLASS ACTION, CLASS SETTLEMENT AND HEARING

RE: *Nozzi v. Housing Authority of the City of Los Angeles, et al.*, Case No. CV 07-00380 PA (FFMx).

Esta Notificación de arreglo colectivo está disponible en español. Llame sin cargo: **1-_____** o visite el siguiente sitio web: **www.HACLAClassAction.com.**

There is currently pending a class action lawsuit in the United States District Court, Central District of California. The Court has certified the case as a class action. If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

**If, you were a Housing Choice Voucher Payment Section 8 Participant through the Housing Authority of the City of Los Angeles ("HACLA") on April 2, 2004, and continued to be one, you should have received notice sometime during the year beginning June 1, 2004 that HACLA was going to reduce its contribution to your rent the following year (subject to certain limitations explained further on).**

**You may be a CLASS MEMBER and entitled to receive MONEY but**

**only if you take action and file a claim.**

The class action lawsuit currently pending in the United States District Court, Central District of California, challenged the legality of the reduction in rent subsidy **because HACLA's notice of the reduced subsidy did not adequately explain what HACLA was doing.**

If you were such a participant, and meet certain other limiting criteria explained further on in this notice, you may be entitled to a payment of funds up to the amount of additional rent you paid your landlord during the period July 1, 2005 through April 30, 2007, for a period of up to 11 months. Depending on your circumstances, you *could be entitled to several hundred dollars* repayment, and in some instances more.

HACLA records show that **you may be a CLASS MEMBER.** Therefore, **you may be eligible to receive MONEY from the Settlement**. In order to receive any money in this Settlement, **you must fill out and mail a Claim Form**.

**Your Claim Form**
must be **postmarked** or received by the Administrator
no later than December 6, 2017.

**If you wish to "opt out," or be excluded from the Settlement, your opt-out letter must be postmarked or received by the Administrator by November 29, 2017.**

Even if you do not submit a Claim Form or opt out of the Settlement by the above deadline, you will be bound by the terms of the Settlement.

**If You Wish to Claim Your Share of the Settlement Money,**

4813-3462-2792.4
*Nozzi v. HACLA*

1

**Fill Out and Mail the Enclosed Claim Form Today.**

Below are questions and answers designed to explain information about this lawsuit, including how to proceed to file a claim or otherwise participate in the Settlement process.

1. **What Is The Class Action Lawsuit About?**

This lawsuit challenged the adequacy of HACLA's notice explaining a reduction in its subsidy to Section 8 participants. The lawsuit claimed that the notice, which Section 8 participants were entitled to receive one year before the reduced subsidy took effect as to them, was so deficient in explaining the effect of the reduction that it violated the constitutional right to due process of law and certain California state laws. As a result, according to the lawsuit, the reduction in HACLA's subsidy was unlawful, and the affected tenants are entitled to damages in the amount of the additional rent they paid their landlords that they would not have paid if the subsidy had not been reduced. (The lawsuit also claimed that some participants could be entitled to other types of damages if they could show them, and that all Section 8 participants, present and future, were entitled to an order that HACLA's future notices adequately explain the likely or potential effect of any subsidy reduction.)

2. **Who Is A Member Of The Damages Class Entitled To Money?**

You are a member of the Damages Class if you were a voucher participant under the HACLA Section 8 Housing Choice Voucher Program (referred to at times as "Voucher Participant") beginning April 2, 2004, and paid a higher rent to your landlord than you otherwise would have paid if not for the reduced subsidy in effect during the period July 1, 2005 through April 30, 2007. Subject to certain limitations, you could receive a reimbursement for up to 11 months that you overpaid your rent.

The limitations on who is a Damages Class member (in other words, those who were not entitled under the U.S. Department of Housing and Urban Development ("HUD") regulations to the benefit of the one year advance notice) are: 1) a new Voucher Participant who moved into Section 8 housing after April 2, 2004; 2) a Voucher Participant on or after April 2, 2004, who moved into a different Section 8 unit after that date (this person is ineligible as of the time he or she moved into a new unit); 3) a Voucher Participant after April 2, 2004 who changed Voucher Bedroom sizes after that date (this person is ineligible as of the change in voucher bedroom size); 4) a Voucher Participant whenever a new Housing Authority Payment ("HAP") contract was executed for that tenant's unit, even if the family did not move from its current unit (i.e., when the owner and the family entered a new lease agreement), and 5) a Voucher Participant allotted a subsidy as a reasonable disability accommodation for a unit. Such tenants are not members of the Damages Class as of the time one of these Exceptions applied.

All other HACLA Section 8 Voucher Participants were entitled to the one-year advance notice for the period they were such tenants, and are entitled to reimbursement of up to eleven months of the additional rent they paid (depending on whether they fit into one of the foregoing exception categories, which cut off their reimbursement period).

Whether you are a class member is determined **solely** from the records of HUD and HACLA.

### 3. What Is The Purpose Of This Notice?

You have a right to know about a proposed Settlement of this class action lawsuit and about all your options before the Court decides whether to give final approval to the Settlement. Your rights may be affected by this lawsuit.

This information is being sent to everyone who has been determined to be a member of the class based upon the last known address available from HACLA's records, and is otherwise being publicized to reach class members.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible and how to file a claim.

The Court in charge of the case is the United States District Court for the Central District of California, located in Los Angeles, California. The case is known as *Nozzi v. HACLA, et al.*, Case No. CV 07-00380 PA (FFMx). The people who brought the case are called Plaintiffs, and the people they sued are called Defendants. The Judge is The Honorable Percy Anderson.

### 4. Why Is This A Class Action?

In a class action, one or more persons, called the Class Representative(s), sue on behalf of a group of people who have similar claims – the Class Members. One court then resolves the issues for all Class Members, except for those who exclude themselves from the class.

### 5. Why Is There A Settlement?

The Court has ruled that some of the claims in this lawsuit are correct, but has not decided what kind of remedy or damages the class members are entitled to. Instead of continuing the litigation, both sides have agreed to a Settlement. That way, both sides are able to avoid the risks and costs of a trial regarding the damages to which class members may be entitled, or an appeal from any such decisions by a court; the case can be resolved immediately; and the benefits of the Settlement can be made immediately available to the Class Members. The Class Representative and her attorneys think that the proposed Settlement is fair to the Class Members and the parties in the case, and think that the terms of the Settlement are a fair, reasonable and adequate resolution of this matter.

### 6. Are There Lawyers Representing You?

The Court has approved lawyers (called "Class Counsel") to collectively represent you. You will not be asked to pay your own personal money for the services these attorneys and their associates and staff have provided you in litigating this case and negotiating this Settlement. Instead, the lawyers will seek payment from the fund being made available in this Settlement on behalf of the class, as described further below. Only Class Counsel may act on behalf of the class. However, that rule of law does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 7. What Does The Settlement Provide?

The Settlement provides for payment of a total of estimated to be not less than $9,000,000 (depending on the sum available after payment of insurance policy money for the defense litigation costs and attorney's fees). From that amount, the following awards will be made:

   a. An award of attorneys' fees, in an amount not to exceed 30% of the approximately $9-9.4 Million total.

   b. Additional payment of class attorney's litigation costs.

   c. Further additional payments of the third party class settlement administration costs.

   d. Payment of $5,000 to Nidia Pelaez, the designated Class Representative, in addition to her rent reimbursement. Ms. Pelaez will receive this additional amount under the Settlement because of the role that she played in the litigation. Also payment to Named Plaintiff Michael Nozzi of $1000 (inclusive of his rent reimbursement) as compensation for any individualized damages.

   e. Payment of the remainder, estimated to be approximately in the range of $5,500,000-6,000,000, to the members of the class who file claims for payment up to the amount of additional rent that each qualifying Damages Class member paid as a result of the reduced HACLA subsidy.

   f. To the extent that the filed claims do not total the amount available for distribution to Damages Class members, the excess funds will not be paid out and will be retained by HACLA's insurers. However, in no event will the total funds paid out to Damages Class members, or organizations that assist Section 8 tenants, be less than $2,000,000. (This is because, if not enough class members file claims to total $2,000,000, the difference between the amount claimed and $2,000,000 will be paid to organizations that help Section 8 tenants.)

   g. If the total claims filed by Damages Class members exceed the funds available for payment to them, the amount paid to them will be proportionately reduced. (For example, if there is only enough of the available fund to pay 75% of the total claims, each class member shall be paid 75% of the damages amount that is due them.)

In addition, the Court will enter an injunction lasting for the next three years ensuring that notices to all Section 8 tenants of any future reduction of the Voucher Payment Standard will be in plain, understandable language requiring no specialized knowledge that the average Section 8 tenant should understand.

### 8. Does the Settlement Affect Section 8 Or Other Benefits I Receive?

Under the terms of the settlement, HACLA will treat the money to be paid to class members as settlement for personal injury which, under HUD regulation 24 C.F.R. § 5.609(c)(3), is excluded from any income calculation i.e. the damages payment you receive will not be counted

as part of your income when determining whether you still qualify for Section 8 housing assistance at your next reexamination. However, if you have assets, HACLA may count any income earned on those assets. HACLA has designated _____ as a point of contact on these treatment of payment matters should you need further clarification.

With regards to other public benefit programs, Class Counsel are not experts in the income and asset policies for all benefits programs. If you are unsure about how the receipt of any money under this settlement will affect other benefits you receive, you should discuss the issue with your caseworkers on those programs or seek other legal advice. (Class counsel are unable to provide such advice.) You should provide them with a copy of this notice, which has been approved by the court, and let them know you are being repaid money that you previously paid towards your rent pursuant to a notice which the court has ruled was illegal.

### 9. Will I Receive Anything From The Settlement?

If you receive a Claim Form addressed to you, it will state the maximum amount of damages to which you are entitled if there are funds available to pay all claims. As long as you file an approved claim within the time set by the Court, you will be entitled to receive compensation up to the amount stated on your Claim Form, or a reduced amount if the total claims exceed the available funds. In the event the total claims exceed the available funds, you and each class member's recovery will be reduced proportionally.

Based on the terms of this settlement, it is estimated that no Damages Class member will receive less than 50% of the maximum damages to which they are entitled. If you file an approved claim, you will receive somewhere between 50% and 100 % of the amount listed on your individualized claim form, depending on how many claims are filed. If you obtained a claim form from the website, it won't tell you what your maximum recovery is because it is not individualized.

The full description of the proposed system to determine how much each Damages Class member will receive is contained in the parties' Settlement Agreement, which is contained on the website www.HACLAClassAction.com.

### 10. What Do I Do To Get Money?

If you wish to receive money from the Settlement, you must complete and submit the accompanying Claim Form. Read the instructions on the Claim Form carefully. **All Claim Forms must be completed and postmarked (or received by the Administrator) no later than December 6, 2017,** but in order not to miss out on this opportunity, you should complete and mail your Claim Form as soon as possible. **If you do not timely and properly submit your Claim Form, you will not receive any money** from the Settlement. If you need a copy of a Claim Form, please call _____ (toll free), or write to the *Nozzi v. HACLA* Settlement Administrator, P.O. Box _____, _____, ___, or download the Form from the Internet at www.HACLAClassAction.com.

### 11. What If I Still Don't Know If I Am A Class Member?

If you are not sure whether you are included in the class, call 1-_____ or write to:

*Nozzi v. HACLA* Settlement Administrator
_____
_____

Determinations of whether you are or are not a Class Member will be based exclusively on the records of HUD and HACLA.

### 12. How Much Will The Lawyers Be Paid?

The Court has not yet decided how much Class Counsel will be paid. However, they will ask the Court for an award of reasonable attorneys' fees of 30% of the total available Class Fund, which is between $9,000,000 and $9,400,000, plus litigation costs that they advanced over the course of the lawsuit. The Court can award less than that amount, but not more. You will not be asked personally to pay any attorneys' fees that the Court awards to Class Counsel. Only if you hire your own lawyer to represent you personally would you have to pay an attorney any fees.

### 13. Can I Exclude Myself From The Settlement?

If you do not want to be a member of the class, or if you want to be able to file your own lawsuit, or be part of a different lawsuit against the Defendants raising the claims involved in this lawsuit, then you must take steps to get out of the class. This is called "excluding yourself" from, and sometimes is referred to as "opting out" of, the class.

### 14. What Do I Do To Exclude Myself From The Lawsuit?

To exclude yourself, you must send a letter by First-Class mail clearly stating that you want to be excluded from *Nozzi v. HACLA*. Be sure to include your name, address, telephone number and signature. The name and address of your attorney is not sufficient. **You must mail your Exclusion Request, postmarked no later than** November 29, 2017**, to:**

*Nozzi v. HACLA* Settlement Administrator
_____
_____

You cannot exclude yourself on the phone or by email. If you exclude yourself, you will not be entitled to get any money from the Settlement, and you cannot object to the Settlement. Nor will you be legally bound by anything that happens in this lawsuit.

Unless you exclude yourself from the class, you remain in the class and give up all of your rights against the Defendants for the conduct alleged in this complaint, except those available to you under this Settlement. That means that, if you don't exclude yourself and also don't file a claim, you will receive no money but will still lose your rights against the Defendants. **So be sure to file the claim form unless you are going to exclude yourself. (If you do exclude yourself, and you want to pursue other damages for the conduct alleged in the complaint, you will need to bring your own complaint against Defendants.)**

Anyone submitting an approved claim should receive at least 50% of the amount listed on that Damages Class Member's Class Form, and may receive more up to the full amount listed on the Claim Form.

### 15. What Is The Release Of Claims?

As part of the Settlement, you release the claims covered by this lawsuit in exchange for the money you will receive if you do not exclude yourself from the class. The Proposed Final Order of Approval and Settlement (which you may view on the website for this lawsuit at www.HACLAClassAction.com) describes the legal claims against the Defendants you will give up by staying in the class (that is, if you do not exclude yourself as described in the question above entitled "What Do I Do To Exclude Myself From The Lawsuit?"). The Released Claims include all claims, demands, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, that were or could have been asserted in the complaint based on the facts alleged, specifically for the increased rent paid as a result of the improperly reduced HACLA subsidy. These Released Claims include any other related complaints, grievances, and/or claims, whether judicial or administrative, and whether actually filed or available. Released Claims do not include any other claim(s) that a Plaintiff or member of the classes may have against HACLA for conduct not covered by this Settlement (for example, a claim for an unlawful eviction unrelated to this suit).

### 16. If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?

If you are and choose to remain a Class Member, you can object to the Settlement if you do not like any part of it, or you may object to the request for attorneys' fees. You must give the reason why you think that the Court should not approve the Settlement or the requested attorneys' fees (i.e., a mere statement that "I object" will not be sufficient). Do not contact the Court orally to object. Rather, you must send a written statement with the case name and number (*Nozzi v. HACLA*, Case No. CV 07-00380 PA (FFMx)) at the top of the page. In addition, provide your name, your address (just giving the address of an attorney who represents you is not sufficient), your telephone number, your signature and the reason why you object. If you are represented by a lawyer, you should also give the name, address and telephone number of that lawyer. **You must mail your objections and any supporting papers by First-Class mail, postmarked no later than November 29, 2017**, to the Court and counsel as follows:

| Clerk of the District Court<br>United States District Court<br>Central District of California<br>First Street Courthouse<br>350 W. 1st Street, Courtroom<br>9A, 9th Floor<br>Los Angeles, CA 90012 | Barrett S. Litt<br>Attn: Julia White<br>Kaye McLane, Bednarski & Litt<br>234 E. Colorado Boulevard<br>Suite 230<br>Pasadena, CA 91101 | Brant Dveirin<br>Lewis Brisbois<br>633 W. Fifth St.<br>Suite 4000<br>Los Angeles, CA 90071 |
|---|---|---|

If you are not filing a pre-prepared claim form, you should provide as much identifying information (such as Driver's License, address while in Section 8, date of birth and last four digits of your Social Security Number) with the copies sent to the counsel listed above, so that your file can be located. To protect your privacy, do not send that information to the Court, as what you file with the Court is a public document.

Submitting an objection will not extend the time within which a Class Member may request exclusion from this Settlement. (If you file an exclusion, you are no longer a member of the Damages Class and any objection will not be considered.)

A full set of the settlement documents, including the Settlement Agreement, a Claim Form, the expert reports explaining how class members were identified, the Proposed Final Order of Approval and Settlement and the Motion For Award of Attorneys' Fees and Costs is available (or will be if the motion for attorneys' fees has not yet been filed) on the case website, www.HACLAClassAction.com.

### 17. What Is The Difference Between Objecting And Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the class. If you object and the Court rejects your objection, you remain a member of the class and will be bound by any outcome of the case, and entitled to payment under the settlement if you make a claim. Excluding yourself is telling the Court that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 18. When And Where Will The Court Decide Whether To Approve The Settlement And Attorneys' Fees?

The Court has scheduled the Fairness Hearing for January 29, 2018, at 1:30 PM in the United States District Courthouse for the Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom 9A, 9th Floor, Los Angeles, California 90012. At this Hearing, Judge Anderson will consider whether the Settlement is fair, reasonable and adequate, and will determine the amount of attorneys' fees and costs to be awarded. If there are any objections, the Court will consider and rule on them. We do not know how long this process will take. We do not know if the Hearing will be continued. There will not be a new notice if it is. You may speak at the Hearing, but only if you have submitted your comments or objections as provided in the question above entitled "If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?" (See question no. 16)

### 19. Do I Have To Come To The Hearing?

No. You may, but need not, attend the Hearing. Class Counsel will answer any questions the Court may have. However, you may come if you choose, but at your own expense. If you sent a written objection, you may, but do not have to, come to Court to talk about it. As long as you properly submitted your written objection, the Court will consider it. You may also pay your own lawyer to attend, but that also is not necessary.

### 20. May I Speak At The Hearing?

You will not be heard unless you have submitted your comments or objections as provided in the question above entitled "If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?" (See question no. 16) and have stated in your submission that you wish to be heard.  You cannot speak at the Hearing if you exclude yourself.  If you have submitted an objection, the Court will decide whether or not to hear from you verbally as well.

### 21. What Happens If I Do Nothing At All?

If you do nothing, your rights will be affected.  You will be bound by the terms of the Settlement and you will be agreeing to a release of the claims that are contained in the Settlement.  However, if **you do not file a claim, you will not be entitled to any money from the Settlement even though you will be bound by it.**

### 22. When Will I Receive Money From the Settlement?

No money will be paid until 1) after the Settlement Funds are deposited with the Settlement Administrator, which will only occur 30 days after the Settlement is approved and all possibilities of appeal are completed, and 2) until after the date set by the Court as the last day to mail or file a claim.  After that, it will take at least two months, and quite possibly more, to process all the claims, calculate the amount due each Class Member and send the money to the Class Members.  If you file a claim and do not receive money within six months after December 6, 2017, which is the last day to mail or file a claim, check the website for this case about when payment mailings are expected, or contact the Class Administrator by either calling 1-_____or writing to:

*Nozzi  v. HACLA* Settlement Administrator
_____
_____

We strongly recommend that you keep a copy of your Claim Form.  You may want to send the Form in by certified mail so it can be verified, but you are not required to do so.

### 23. What Happens If There Is Not A Final Settlement?

Under certain circumstances, it is possible the settlement might not go through (for example, if there are too many people who decide not to participate or if the court for some reason does not approve the settlement).  In that situation, the case would go forward and go to trial.

### 24. Are There More Details About The Settlement?

This Notice merely summarizes the proposed Settlement. You can go to the website titled www.HACLAClassAction.com to see the complete Settlement documents in the case and a copy of the Motion for Award of Attorneys' Fees and Costs when it is filed. That website also contains the reports of the statistical expert who analyzed the HUD and HACLA data to determine who was a member of the Damages Class, and determined the amount of the members' damages. In the event that any description in this Notice of the terms in the Settlement documents conflict with the actual terms of the Settlement documents, the terms of the Settlement documents control.