1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   MICHAEL NOZZI, individually, and           CV 07-380 PA (FFMx)
     NIDIA PELAEZ, individually, and on
12   behalf of all others similarly situated,    JUDGMENT

13                  Plaintiffs,

14        v.

15   HOUSING AUTHORITY OF THE CITY
     OF LOS ANGELES and RUDOLPH
16   MONTIEL,

17                  Defendants.

18

19        Pursuant to the settlement agreement ("Settlement Agreement"), filed on June 19,

20   2017, between plaintiffs Michael Nozzi and Nidia Pelaez (collectively "Plaintiffs") and

21   defendants Housing Authority of the City of Los Angeles ("HACLA") and Rudolph Montiel

22   (collectively "Defendants"), and the Court's February 15, 2018, Minute Order granting the

23   Motion for Final Approval of Class Action Settlement and granting, in part, the Motion for

24   Attorneys' Fees and Costs,

25        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

26        1.      All terms herein shall have the same meaning as the terms defined in the

27   Settlement Agreement, unless otherwise specifically provided herein.

28

1    2.    The Injunctive Relief Class consists of all Section 8 beneficiaries whose

2    benefits are administered by HACLA and who in the past received, or in the future may

3    receive, notices of a VPS decrease.

4    3.    The Damages Class consists of all HACLA Section 8 tenants, between June 1,

5    2005, and September 30, 2006, whose rental contribution for a period not to exceed eleven

6    months was greater than it would have been but for HACLA's 2004 decrease in the VPS.[1]

7    4.    Defendants will issue a check by overnight mail payable to the JND Legal

8    Administration within thirty (30) business days of the date of entry of this Order on the

9    docket.

10          a.    the total amount for valid claims made by Damages Class Members and

11                approved by the Class Administrator;

12          b.    $3,000 in incentive/individualized payments to Named Plaintiffs Nidia

13                Pelaez and Michael Nozzi;

14          c.    Defendants shall pay all current outstanding bills from JND Legal

15                Administration. To the extent that the payments due to JND cannot yet

16                be finally determined because there is more work to be done,

17                Defendants shall pay those amounts within 30 days of being billed by

18                JND.

19    5.    Defendants will issue a check by overnight mail payable to the Kaye, McLane,

20    Bednarski & Litt Client Trust Account within thirty (30) business days of the entry of this

21    Judgment the amount of $2,957,382.80 as full and final settlement of all past, present and

22    future attorneys' fees and all past, present and future ordinary and extraordinary costs.

23    . . .

24    . . .

25

26

27    [1]    Only the Damages Class Members identified in the Damages Class Member List as
having calculable damages are considered Damages Class Members under this Judgment
28    and the Order, and only they will be bound by its monetary damages provisions if they do
not opt out.  Injunctive Relief Class Members may not opt out of the injunctive relief portion
of this Order or the Judgment.

-2-

1    6.    The Court orders the following injunctive relief for a three-year period:

2          a.    In any future notices to Section 8 tenants, related to the reduction of the

3                VPS, HACLA shall simply and plainly communicate the information

4                provided in non-technical, language that would be reasonably

5                understandable to Section 8 tenants, at a language level commensurate

6                with the average educational level of Section 8 tenants. The notice shall

7                reasonably explain the known, likely or potential impact on the tenant

8                of the action that is the subject of the notice.

9          b.    Any notice within the next three years regarding reduction of the VPS

10               shall be provided to Class Counsel before it is sent, and shall be subject

11               to the approval of Class Counsel before it is communicated to Section 8

12               tenants, which approval shall not be unreasonably withheld.

13         c.    When communicating any new notices to tenants (other than a notice of

14               reduction of VPS to which ¶ 72(a) of the Settlement Agreement

15               applies), HACLA will use language reasonably understandable to

16               Section 8 tenants.  For purposes of this Agreement, the Parties agree

17               that existing notices that have been historically sent regularly to tenants

18               without challenge, such as the RE 38 notice, notices sent to tenants

19               when HACLA approves a rent increase requested by the landlord, and

20               notices when there is a bedroom downsizing, meet this standard.

21   7.    Except as otherwise provided in this Judgment, each party shall bear its own

22   costs, expenses, and attorneys' fees.

23   8.    The Court reserves and maintains jurisdiction over the claims administration

24   and distribution of the funds.  Disagreements between the Parties on any disputes or

25   unresolved aspects of this Judgment as it relates to monetary relief shall be subject to

26   mediation before the mediator who has mediated this case to date, Magistrate Judge

27   Woehrle, if she is available, or before the Magistrate Judge otherwise assigned to the case if

28

-3-

1    she is not.  If mediation is not successful, the matter shall be brought to this Court for resolution.

2         9.       The Court hereby dismisses the lawsuit on the merits, with prejudice, and

3    without further costs, with such dismissal subject only to compliance by the Parties with the

4    terms and conditions of the Settlement Agreement and this Judgment.

6    DATED:  February 15, 2018       _____

                                              Percy Anderson
7                                         UNITED STATES DISTRICT JUDGE